*39 Cubm,- per
Harper, Ch:
I do- not understand the- facts- to- Be? disputed, which are stated in the- defendant's answer; of the truths of which indeed the- transactions' themselves carry intrinsic evidence. Defendant had in his hands the sum of $1327 2% which complainant was entitled to receive as administrator; with the will annexed, of Edward H„ Harrison-, deceased. Of this amount,, defendant would have been entitled te-reeeive ba-cls one-third-,, as one; of the residuary legatees of the-said Edward- H, Harrison, upon giving his bond to refund, in- case ofliis dying without issue, in favor of devisees over, according to- the will- of the testator. Complainant came to an account with defendant, and- received, of him two-thirds of the amount in his hands, allowing him- to retain the other third, to which, he was entitled as residuary legatee, and gave him a receipt in fui¿. He took no bond in pursuance of the directions of the will. The object of the present hill is to recover of defendant the amount retained by him, or to compel him to give his bond.
If complainant had had the money in his own hands, and paid it over to defendant, without requiring the bond, on what ground would he claim relief? It was in his power to have made it a condition of his paying the money over, that the bond should he given and not having done so, he must be held to have waived it. There is no shewing of any mistake, ignorance, or fraud. By his neglect I suppose, he may have made himself liable to the- devi-sees over. But this furnishes- no ground for relief. Even- if the devisees over, could be entitled to maintain such a Bill, he could claim no relief against his own act and his own negleet.
But the case is just the same as if he had had the money in his? hands and paid it over. As administrator with the will annexed, he might have recovered the whole amount of defendant, who could only have claimed to retain it as legatee, By complying with the condition of giving, his- Bond. Complainant, however, allowed him to retain it, and discharged him.. It is the same thing as- if he had received the whole amount, and forthwith paid Back one-third of it.
It is ordered and decreed, that with respect to this claim the Chancellor’s decree Be reversed.